UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John S. Nwagbaraocha

    v.                                          Civil No. 18-cv-304-LM
                                                  Opinion No. 2019 DNH 185

Dartmouth Hitchcock
Medical Center et al.

**O R D E R**

Plaintiff Father John S. Nwagbaraocha, a Catholic priest, brings this suit against his former employer, Dartmouth-Hitchcock Medical Center ("D-H"),[1] and his former supervisor, Reverend Frank Macht. Defendants move for summary judgment on all plaintiff's claims. Doc. no. 28. Plaintiff objects. Doc. no. 34. On October 25, 2019, the court heard oral argument on defendants' motion. After hearing the parties' arguments, the court ruled on the motion from the bench. This order provides a summary of the court's oral rulings on each of plaintiff's claims.

Claims Against Dartmouth-Hitchcock Entities

Counts I through III allege that D-H discriminated against plaintiff on the basis of his national origin, race, and

---

[1] Plaintiff also sues the following related entities: Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health. The designation "D-H" refers to all the Dartmouth-Hitchcock entities collectively.

religion in violation of Title VII, 42 U.S.C. § 2000e, et seq.
Similarly, counts V through VII allege that D-H discriminated against plaintiff on the basis of national origin, race, and religion in violation of New Hampshire Revised Statutes Annotated § ("RSA") 354-A:7. As explained at the hearing, there is sufficient evidence in the record for the Title VII claims and their state analogs to survive summary judgment.

Count IV alleges that D-H discriminated against plaintiff based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Count VIII asserts a parallel claim under state law: that D-H discriminated against plaintiff on the basis of his age in violation of RSA 354-A:7. For the reasons stated on the record, there is sufficient evidence in the record for plaintiff's federal and state age discrimination claims to survive summary judgment.

Finally, counts IX and X allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. As plaintiff conceded at the hearing, D-H is entitled to summary judgment on these counts.

To summarize: the motion for summary judgment is granted on counts IX and X and denied as to counts I through VIII against D-H.

Claims Against Reverend Frank Macht Individually

Counts I through III allege that Macht discriminated against plaintiff on the basis of his national origin, race, and religion in violation of Title VII.  Count IV asserts a claim of age discrimination under the ADEA against Macht.  As plaintiff conceded at the hearing, individuals may not be held liable under Title VII or the ADEA.  See Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009) (holding that there can be no individual liability under Title VII and dismissing claims against individual employee defendants); Ventura v. Hanitchak, 719 F. Supp. 2d 132, 137 (D. Mass. 2010) (same under Title VII and ADEA).  Accordingly, Macht is entitled to summary judgment on counts I through IV.

Counts V through VIII assert that Macht discriminated against plaintiff on the basis of his national origin, race, religion, and age, in violation of RSA 354-A:7.  Although Macht argues that individuals cannot be held liable under the New Hampshire discrimination statute, the New Hampshire Supreme Court has held to the contrary.  See U.S. Equal Emp't Opp. Comm'n v. Fred Fuller Oil Co., 168 N.H. 606, 612 (2016) (holding that, under RSA chapter 354-A, individuals may be held liable for "aiding and abetting" discrimination).  Macht did not address this precedent or explain why he is entitled to summary judgment given that decision.  At oral argument, defense counsel

3

conceded that—to the extent the RSA chapter 354-A claims against D-H survive—these claims also survive as against Macht individually. Accordingly, the court denies Macht's request for summary judgment on counts V through VIII.

In sum, the court grants the motion for summary judgment with respect to Macht on counts I through IV and denies it with respect to counts V through VIII.

Summary

The court grants defendants' motion for summary judgment (doc. no. 28) in part and denies it in part. The court grants summary judgment to D-H on counts IX and X. It also grants summary judgment to Macht with respect to counts I through IV. The motion for summary judgment is otherwise denied. The following claims survive summary judgment: counts I through VIII against D-H (the Title VII and ADEA claims and their state analogs) and counts V through VIII against Macht (the New Hampshire discrimination claims).

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 28, 2019

cc:   Counsel of Record